UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTINE CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 457 |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on defendant's second motion for summary judgment (DE # 54) and related motion to exclude expert evidence (DE # 61), and plaintiff's motion to reconsider. (DE # 57.) For the reasons that follow, plaintiff's motion to reconsider will be granted and defendant's motions will be denied as moot.

**I.      BACKGROUND**

Plaintiff Christine Crawford alleges that defendant Walgreen Co. negligently dispensed medication to her that contained lactose, despite knowing that she is lactose intolerant, and without warning her that the medication contained lactose. (DE # 5.) Plaintiff designated Robert Belloto, Ph.D., as an expert who would be used to establish the pharmacist standard of care, and to provide evidence that defendant breached this standard of care. (DE # 29 at 8-9.) Belloto has his Ph.D. in Pharmacy and works as a pharmacist. (DE # 24-6 at 1-2.) Belloto opined that the pharmacist standard of care requires a pharmacist to warn patients whenever there is any amount of a known allergen in a medication. (DE # 24-7 at 3.) Belloto opined that defendant should have

notified plaintiff that the medication dispensed to plaintiff contained lactose, and defendant breached its standard of care by failing to warn plaintiff. (*Id.*)

Defendant moved to exclude Belloto as an expert on the basis that his opinion is based on an unreliable methodology. (DE # 24 at 13.) First, defendant argued that Belloto's opinion relies on a statement from an article written by Filippo Fassio *et al.* that states that an amount of lactose as little as 0.01% is enough to induce symptoms in some lactose-intolerant patients. (*Id.* at 12.) Defendant correctly pointed out that the Fassio article does not cite any support for this claim. (*See* DE # 24-8 at 7.) Defendant contended that, in the absence of any citation supporting this claim, this underlying fact is not reliable and cannot serve as the basis for Belloto's opinion. (DE # 24 at 14.) Second, defendant argued that Belloto's conclusion – that defendant had a duty to warn plaintiff that the medication contained *any* amount of lactose – is too attenuated from the other fact Belloto relies upon in forming his opinion: that most patients can tolerate five grams of lactose per dose. (*Id.* at 14-15.)

This court granted defendant's motion to exclude Belloto's report, finding that Belloto's opinion rests on the unsupported claim in the Fassio article that a lactose-intolerant patient could experience symptoms after ingesting as little as 0.01% of lactose. (DE # 46.) Plaintiff now seeks reconsideration of this holding. (DE # 57.)

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) governs motions to reconsider orders other than final judgments. This rule states in relevant part: "any order or other decision,

2

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Dodd v. Warden*, No. 3:19-CV-29-DRL-MGG, 2019 WL 6700377, at *1 (N.D. Ind. Dec. 9, 2019) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). It is also appropriate where there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted). Reconsideration is appropriate in this case because plaintiff's motion seeks reconsideration based on a misunderstanding.

### III.    ANALYSIS

The court must look to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine whether Belloto's opinions are

admissible. *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under *Daubert,* the court must be satisfied, first, that the expert can testify based on valid scientific, technical, or specialized knowledge, *i.e.*, whether the expert's testimony is reliable, and second, whether that testimony will be of assistance to the trier of fact. 509 U.S. at 592; *United States v. Welch*, 368 F.3d 970, 973 (7th Cir. 2004); *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 816 (7th Cir. 2004). The reliability issue requires the court to determine whether the expert is qualified in the relevant field and used a reliable methodology to arrive at his or her conclusions. *Zelinski v. Columbia 300, Inc.,* 335 F.3d 633, 640 (7th Cir. 2003); *Smith v. Ford Motor Co.,* 215 F.3d 713, 718 (7th Cir. 2000). In this case, Belloto's qualifications are not at issue. Thus, the court may proceed directly to the issue of reliability.

A district court's inquiry under *Daubert* is a flexible one, and therefore the court has wide latitude in performing this gate-keeping function and determining whether the expert testimony is reliable. *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011). The overarching inquiry under Rule 702 is "the scientific validity and thus the evidentiary relevance and reliability of the principles that underlie a proposed

4

submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 594-95 (footnote omitted); *see also C.W. ex rel. Wood*, 807 F.3d at 834 ("The district court is the gatekeeper of expert testimony. We stress that 'the key to the gate is not the ultimate correctness of the expert's conclusions. Instead, it is the soundness and care with which the expert arrived at her opinion[.]'" (quoting *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426, 431 (7th Cir. 2013))).

Indiana law recognizes that pharmacists owe a duty of care to their customers. *Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 519 (Ind. 1994) ("[P]harmacists must exercise that degree of care that an ordinarily prudent pharmacist would under the same or similar circumstances."). The parties in this case do not dispute that defendant owed plaintiff a duty of care. The question is what defendant's duty consisted of. *See id.* Plaintiff attempts to answer this question using Belloto's evidence.

Plaintiff argues that Belloto's opinions did not require any quantitative analysis, and he did not rely on any quantitative data in forming his opinion. (DE # 29 at 11; DE # 57 at 11.) The court agrees. While Belloto devotes much of his report to explaining the use of mathematical and statistical models in determining the pharmacologic and/or toxicologic effects of lactose on a lactose-intolerant person, he ultimately finds that such models are of limited usefulness. (DE # 24-7.) He notes that predicting the adverse effects of the ingestion of lactose by a lactose-intolerant person is difficult and is only probabilistic in nature, not absolute. (*Id.* at 3.) Furthermore, there are often assumptions

5

in the models that must be examined in detail because they may not be met in a particular situation. (*Id.*) Given the difficulties surrounding predicting a particular person's potential for an adverse response to a given amount of lactose, he opined that the standard of care would be to notify the patient via counseling and discussion that the capsule contains lactose and it is possible that it may cause adverse effects. (*Id.*) Belloto did not actually rely on the problematic data from the Fassio article in forming his opinion as to the standard of care. The court finds that Belloto's opinions as to the standard of care are both reliable and would be useful to the trier of fact. Therefore, defendant's motion to exclude Belloto on the grounds that he relied upon unreliable principles and methods must be denied.

### IV. CONCLUSION

For these reasons, the court **GRANTS** plaintiff's motion to reconsider. (DE # 57.) Defendant's motion to exclude Robert Belloto, Ph.D. is **DENIED**. (DE # 24.) Defendant's second motion for summary judgement (DE # 54) and motion to exclude plaintiff's expert witnesses (DE # 61) are **DENIED as moot**. A trial date will be set under a separate order. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court hereby **ORDERS** that this case be referred to Magistrate Judge John E. Martin for purposes of holding a settlement conference.

**SO ORDERED.**

Date: January 12, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT